FRANK NEWMEYER, petitioner-appellant,

*v.*

MARGARET NEWMEYER, defendant-respondent.

[Argued February 4th, 1944. Decided April 20th, 1944.]

*Messrs. Clancy & Murphy,* for the petitioner-appellant.

*Mr. David T. Wilentz,* for the defendant-respondent.

The opinion of the court was delivered by

HAGUE, J.

This is an appeal by the husband from a decree advised by the advisory master dismissing his petition for divorce on the ground of the wife's adultery.

These parties have been married since May 1st, 1922, and have eight children. At the time of the hearing the oldest child was eighteen years, the youngest seven. There was no direct evidence that the wife was guilty of adultery. Nor was there evidence that there were present the two necessary particulars for circumstantial proof of adultery—guilty inclination and opportunity. There was no evidence of guilty inclination at all. In April, 1936, the husband was found to have abandoned his wife. In October, 1937, a decree was entered in which it was determined that the husband, without just cause, had abandoned his wife. The late advisory master, Francis Child, attempted to reconcile the parties. The wife

was willing to resume her married life with the present petitioner but he refused.

In the testimony of this case it appears that the wife entertained a man friend in her home and that on occasions he remained overnight. On no occasion was the wife in the house with him overnight alone. One or more of her children—three are in her custody—were in the house at these times. The wife's hospitality to a man friend, under the circumstances, is not discreet conduct. Much is made of the fact that when the husband and others raided the wife's home a woman's garment was found in the bedroom of the guest. There was no corroboration of this statement by the husband and no evidence as to whose garment it was.

The rule in the matter of circumstantial evidence to show adultery has been well stated in the old case of *Berckmans* v. *Berckmans, 16 N. J. Eq. 122; affirmed, 17 N. J. Eq. 453.* "* * * the circumstances must be such as would lead the guarded discretion of a reasonable man to that conclusion. * * * Mere imprudence, indiscretion or folly is not conclusive evidence of guilt."

The evidence in this case justified the decree of dismissal. The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.

*For reversal*—HEHER, PERSKIE, JJ. 2.